IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
(Pecos Division)

| | | |
|---|---|---|
| ENERGY VAULT, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | Civil Action No. 4:23-cv-00047 |
| UNITED STANDARD ELECTRIC, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 8(a), 12(b)(1) AND 12(b)(6)

COMES NOW DEFENDANT United Standard Electric, LLC and files this brief in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 8(a)(1), 12(b)(1) and 12(b)(6) for failing to sufficiently plead facts showing subject matter jurisdiction.

1. Plaintiff's Complaint does not plead or reveal the identities, residency or citizenship of the member or members of the Defendant limited liability company, United Standard Electric, LLC. The Complaint does not even attempt to state any claims under federal law to establish federal question jurisdiction.

2. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires a plaintiff to plead **in its Complaint** a "short and plain statement of the grounds on which the court's jurisdiction depends."

3. Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure provide that: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction, . . . (6) failure to state a claim upon which relief can be granted."

4. For purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *SFF-TIR, LLC v. Stephenson*, 2017 U.S. Dist. LEXIS 62790 (N.D. Ok. April 25, 2017). *See also* 13F. Charles Allen Miller et al., <u>Federal Practice & Procedure</u>: *Jurisdiction* § 3630 (3rd ed. 2017); *Gen. Tech. Applications, Inc. v. Exro LTDA*, 388 F.3d 114, 121 (4th Cir. 2004); *Harvey v. Grey Wolf Drilling Co.*, 592 F.3d 1077, 1080 (5th Cir. 2008).

5. Lack of subject matter jurisdiction is a defect which can be raised at any time, including by the Court *sua sponte* or of its own volition. Each court has a responsibility to review its own subject matter jurisdiction or the subject matter jurisdiction of the court whose decision it is reviewing. *Rolling Greens*, 374 F.3d at 1021.

6. Here, Plaintiff's Complaint does not plead or state the identities, residency or citizenship of the member or members of Defendant United Standard Electric, LLC. No federal law claim is stated to support federal question jurisdiction. No mention of federal question jurisdiction is made in Plaintiff's Complaint. Thus, the Complaint does not provide or state sufficient facts to determine whether complete diversity of citizenship exists and, therefore, Plaintiff has not sufficiently demonstrated nor pled the existence of subject matter jurisdiction.[1] *See Tiro Solutions, LLC v. Beacon Hill Staffing Grp., L.L.C.*, 2018 U.S. Dist. LEXIS 43249 * 7 (N.D. Tex., March 16, 2018) ("What must be set forth are the names of each member of the limited liability company and the citizenship of each member."); *Hudson Ins. Co. v. Alamo Crude Oil, LLC*, 2019 U.S. Dist. LEXIS 242925 * 2 (W.D. Tex., July 9, 2019) ("Plaintiff has not

---

[1] *See also Hall v. Backyard Leisure, LLC,* 2013 U.S. Dist. LEXIS ** 6-7 188922 (E.D. Va. 2013) (party failed to plead diversity jurisdiction where it did not specify "the names and citizenship" of the members of the defendant LLC); *Veach v May Moody Northern, Inc.* 2016 U.S. Dist. LEXIS 194433 * 2 (W.D. Va. 2016) (*same*). *Rolling Greens*, 374 F.3d at 1021-1022.

specifically identified any of the LLC members or their citizenships, and thus Plaintiff must do so."); *Floyd v. Panther Energy Co.*, 2011 U.S. Dist. LEXIS 171634 * 5 (N.D. Tex. April 6, 2011) ("In order to satisfy his burden to establish diversity jurisdiction, Plaintiff is required to allege facts identifying the citizenship of each member of any limited liability companies that are named as defendants."); *Floyd v. Panther Energy Co.*, 2012 U.S. Dist. LEXIS 205097 * 20 (N.D. Tex. January 3, 2012) ("In order to satisfy his burden to establish diversity jurisdiction, Plaintiff is required to allege facts identifying the citizenship of each member of any limited liability companies that are named as defendants.").

In conclusion, Plaintiff's Complaint should be dismissed for failing to plead or state sufficient facts to establish diversity jurisdiction or subject matter jurisdiction.

Respectfully Submitted This 4th Day of January, 2024:

UNITED STANDARD ELECTRIC, LLC


By: /s/ Denis Dennis
       Counsel

Denis Dennis (Texas Bar No. 05655566)
Kelly, Morgan, Dennis,
Corzine & Hansen, P.C.
4840 E. University Blvd., Suite 200 (79762)
P.O. Box 1311
Odessa, Texas 79760-1311
432-367-7271
432-363-9121 fax
ddennis@kmdfirm.com
*Local Counsel for Defendant United Standard Electric, LLC*

By: /s/ Michael C. Whitticar
     Counsel

Michael C. Whitticar (V.S.B. No. 32968)
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Virginia Counsel for Defendant United Standard Electric, LLC*
*Pro Hac Vice Planned*

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th Day of January, 2024, the foregoing brief was filed with the Court's CM/ECF system and served on the following counsel of record by email:

Ahmad, Zavitsanos & Mensing, PLLC
Todd Mensing, attorney-in-charge
Texas State Bar No. 24013156
Alexander M. Dvorscak
Texas State Bar No. 24120461
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Telephone: (713) 655-1101
Facsimile: (713) 655-0062
tmensing@azalaw.com
advorscak@azalaw.com
*Counsel for Plaintiff Energy Vault, Inc.*

/s/ Denis Dennis
Denis Dennis