

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ENERGY VAULT, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | Civil Action No. 4:23-cv-00047 |
| | § | |
| UNITED STANDARD ELECTRIC, LLC, | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

To: United Standard Electric, LLC, by and through its attorney of record, Michael C. Whitticar, NOVA IP Law, PLLC, 155 Broadview Avenue, Suite 200, Warrenton, VA 20186 and Denis Dennis, Kelly, Morgan, Dennis, Corzine & Hansen, P.C., 4840 E. University Blvd., Suite 200, P.O. Box 1311, Odessa, Texas 79760

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Energy Vault, Inc. ("Energy Vault") hereby requests that Defendant United Standard Electric, LLC ("USE") produce for inspection and copying, within thirty days following service of this request, at the offices of AHMAD, ZAVITSANOS, & MENSING P.L.L.C., or at such other time and place as counsel for the parties may agree to, every document specified herein that is within your possession, custody, or control.

DATED: April 5, 2024                           Respectfully submitted,

                                                **Ahmad, Zavitsanos & Mensing, PLLC**

                                                */s/ Todd Mensing*
                                                Todd Mensing, attorney-in-charge
                                                Texas State Bar No. 24013156
                                                Edward B. Goolsby
                                                Texas Bar No. 24092436
                                                1221 McKinney Street, Suite 2500
                                                Houston, Texas 77010
                                                Telephone: (713) 655-1101
                                                Facsimile: (713) 655-0062
                                                tmensing@azalaw.com
                                                egoolsby@azalaw.com

                                                **ATTORNEYS FOR PLAINTIFF**
                                                **ENERGY VAULT, INC.**

## CERTIFICATE OF SERVICE

       I hereby certify that on April 5, 2024, I served a copy of the foregoing document on counsel for Defendant via email:

Denis Dennis
Kelly, Morgan, Dennis, Corzine & Hansen, P.C.
4840 E. University Blvd., Suite 200
P.O. Box 1311
Odessa, Texas 79760-1311
Phone: 432-367-7271
Fax: 432-363-9121
Email: ddennis@kmdfirm.com

Michael C. Whitticar
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com

**Counsel for Defendant United Standard Electric, LLC**

                                                */s/ Edward B. Goolsby*
                                                Edward B. Goolsby

## INSTRUCTIONS AND DEFINITIONS

Except as specifically defined below, the terms used in these Discovery Requests shall be construed and defined in accordance with the Federal Rules of Civil Procedure, wherever applicable.

The following definitions and instructions are applicable to each Discovery Request unless otherwise explicitly stated. Any term not otherwise defined shall be given its plain and ordinary meaning.

## INSTRUCTIONS

1. Each Discovery Request is to be read, construed, and responded to separately and independently without reference to or being limited by any other request.

2. "And," "and/or," and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate so as to bring within the scope of these Requests any information or documents which might otherwise be considered beyond their scope.

3. You are required to respond to these requests for production drawing upon all materials in your actual or constructive possession, ownership, custody, or control, including all materials which you have the right to secure from any other source.

4. If any document requested was, but no longer is, in your possession or subject to your custody or control, whether actual or constructive, state what disposition was made of the document and the date or dates (or approximate date or dates) when such disposition was made.

5. <u>Supplementation Required</u>. These Discovery Requests are continuing so as to require supplemental responses in accordance with Rule 26 of the Federal Rules of Civil Procedure if information is obtained upon the basis of which You learn that any of the respective answers were incorrect or incomplete when made or that the answer, though correct and complete when made, is no longer true and complete.

6. <u>Withholding Documents</u>. If any document is withheld, in whole or in part, for any reason, including, but not limited to, any claim of privilege or confidentiality, state with respect to each document: (a) the privilege or ground under which the document is being withheld; (b) a general description of the subject matter of the document; (c) the author of the document; (d) all persons to whom the document is addressed and all persons to whom copies of the document were furnished, together with their job titles; (e) the date of the document; (f) the present custodian and location of the document; and (g) the paragraph number of the request to which the document is responsive.

7. <u>No Responsive Documents</u>. If there are no documents responsive to a specific

request, please so indicate in your written response to this Request for Production of Documents.

8. <u>Manner of Production</u>. The documents produced in response to this Request for Production of Documents shall be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including the production of the files from which such documents are taken.

9. Electronic data produced in response to this request should be produced in native format or in TIFF, PDF, or another form that preserves and reflects any metadata, formatting, or other information associated with the documents in its native format. If documents such as e-mail, are produced, they must be produced in a form so that the relationship between related electronic documents (*e.g.* e-mail and attachments) is preserved and reflected in the production.

10. <u>Objections.</u> In the event that you file a proper and timely objection to any individual document production request or a portion thereof, please respond to all portions of the request which do not fall within the scope of your objection. For example, you object that a request is too broad insofar as it seeks documents covering time periods which you contend are not relevant to this litigation, you should produce documents for all time periods which you concede are relevant.

## DEFINITIONS

1. "Energy Vault" or "Plaintiff" means Plaintiff Energy Vault Inc. as well as its agents, representatives, subsidiaries, predecessors, affiliates, officers, directors, employees, attorneys, owners, and shareholders.

2. "United Standard Electric" or "Defendant" means United Standard Electric, LLC its parents, subsidiaries, affiliates, predecessor entities, and all entities of which it is the successor in interest as well as its agents, representatives, subsidiaries, predecessors, affiliates, officers, directors, employees, attorneys, owners, shareholders, and all other persons acting on its behalf.

3. "Purchase Order" means the Purchase Order numbered #PO000778 between Energy Vault and USE that was sent by Energy Vault to USE on September 13, 2022.

4. "Proposal" means the proposal that USE made to Energy Vault on August 26, 2022 to sell transformers and that was attached as Exhibit B of Energy Vault's Amended Complaint.

5. "Transaction" means the sale of 40 transformers from USE to Energy Vault pursuant to a proposal issued by USE to Energy Vault on August 26, 2022 (Exhibit B to Energy Vault's Amended Complaint), a purchase order issued by Energy Vault to USE on

September 13, 2022 (Exhibit A to Energy Vault's Amended Complaint), and accepted by USE on November 29, 2022 (Exhibit C to Energy Vault's Amended Complaint).

6. "Transaction Transformers" means the 40 transformers sold by USE to Energy Vault in the Transaction.

7. "Lawsuit" means the above-numbered and titled cause.

8. "Complaint" means the latest complaint filed by Plaintiff.

9. "Document" or "documents" shall be used in their broadest sense and shall mean and include a written, printed, typed, recorded, or graphic matter of every kind and description, both originals and copies, and all attachments and appendices thereto. Without limiting the foregoing, the terms "document" and "documents" shall include all agreements, contracts, communications, correspondence, letters, telegrams, telexes, messages, memoranda, records, studies, reports, books, summaries or other records of telephone conversations or interviews, summaries or other records of personal conversations, minutes or summaries or other records of meetings and conferences, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records, forecast, statistical data, statistical statements, financial statements, work sheets, work papers, drawings, drafts, graphs, maps, charts, tables, accounts, analytical records, contractors' reports, consultants' reports, appraisals, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligation and expenditure, invoices, lists, journals, computer printouts, tabulations, checks, cancelled checks, envelopes or folders or similar containers, studies, surveys, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disk recordings, sound recordings, video recordings, film, tape photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The terms "document" and "documents" shall include all copies of documents by whatever means made, except that where a document is identified or produced, identical copies thereof which do not contain any markings, additions, or deletions different need not be separately produced.

"Document" and "documents" means and includes all matter within the foregoing description that is within your possession, custody or control of any attorney, accountant or advisor for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

10. "Electronic information" is defined in the Federal Rules of Civil Procedure and is any type of data that is created, stored, or retrieved and processed in electronic, magnetic, or digital form. "Electronic data" includes databases, data files, program files, image files, e-mail messages and files, voice-mail messages and files, text messages, temporary files, system-history files, deleted files, programs or emails, backup files and archival tapes, website files, website information stored in textual, graphical, or audio format, cached files, and cookies.

11. A singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and vice versa; and the use of any tense of any verb includes also within its meaning all other tenses of the verb so used.

12. "And" as well as "or" refers to all documents, persons or entities inclusively.

13. "Any" refers to any and all documents, persons or entities inclusively, not the option of responding as to some but not to others.

14. All entities referred to herein shall be deemed to include their parent companies, subsidiaries, affiliates, directors, officers, employees, agents and representatives thereof, including attorneys.

15. "Communications" is used herein in its broadest sense to encompass any transmission or exchange of information, ideas, facts, data, proposals, or any other matter, whether between individuals of between or among members of a group, whether face-to-face, by telephone, or by means of written, electronic, or other medium.

16. Documents or communications that "relate to" a given subject means all documents or communications that constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, analysis, or are in any way pertinent to that subject, including, without limitation, documents concerning the presentation of other documents.

17. "Identify" when used in reference to a document means to state: (a) the name of the person who prepared it; (b) the name of the person who signed it or over whose name it was issued; (c) the name of each person to whom it was addressed and/or distributed; (d) the nature of the substance of the document with sufficient particularity to enable it to be identified; (e) its date, or, if it bears no date, the date when it was prepared; (f) the physical location of the document and the name of its custodian or custodians.

18. "Identify" when used in reference to a natural person, shall mean to specifically state that person's name, title, position or office, current business address, current residence address or most recent known addresses and such person's telephone number.

19. "Identify" when used in reference to a person other than a natural person, shall mean to specifically state the full name of such entity, its form of organization, its present address(es), its principal address, and the telephone number of its principal address.

20. "Fact" means all evidentiary facts presently known to you, and all evidentiary facts that you presently infer from any combination of evidentiary or alternate facts known to you.

21. Terms defined herein to refer collectively to more than one person and/or entity shall be construed disjunctively, as appropriate, to bring documents or communications that would otherwise fall outside the scope of these requests within that scope.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All Communications between USE and Energy Vault concerning the Transaction or the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 2.** All Documents and Communications within USE or between USE and any Third Party related to the acceptance, terms, and negotiation of the Transaction.

**REQUEST FOR PRODUCTION NO. 3.** All Documents and Communications within USE or between USE and any Third Party related to the manufacturing process undertaken by USE to produce the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 4.** All testing or inspection reports regarding the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 5.** All Documents and Communications within USE or between USE and any Third Party regarding the electrification testing of the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 6.** All Documents and Communications regarding testing or inspection of the Transaction Transformers that was performed prior to the shipping and delivery of the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 7.** All Documents and Communications regarding factory acceptance tests for the Transaction Transformers that were performed prior to the shipping and delivery of the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 8.** All Documents and Communications regarding the functionality and/or availability of appropriate equipment to perform testing and/or inspection of the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 9.** All Communications within USE or between USE and any Third Party regarding how the Transaction Transformers failed to meet relevant standards or specifications or how Energy Vault should fix or repair the Transaction Transformers.

**REQUEST FOR PRODUCTION NO. 10.** All Documents and Communications within USE or between USE and any Third Party regarding the oil leaking from the Transaction Transformers after delivery.

**REQUEST FOR PRODUCTION NO. 11.** All Documents and Communications within USE or between USE and any Third Party regarding the failure of the Transaction Transformers to electrify after delivery.

**REQUEST FOR PRODUCTION NO. 12.** All Documents supporting, refuting, or relating to an assertion USE made in response to Energy Vault's Interrogatory No. 1 that USE objected to a term contained within the Purchase Order.

**REQUEST FOR PRODUCTION NO. 13.** All Documents supporting, refuting, or relating to an assertion USE made in response to Energy Vault's Interrogatory No. 2 that any Transaction Transformer met the specifications contained within the Purchase Order.

**REQUEST FOR PRODUCTION NO. 14.** All documents supporting, refuting, or relating to an assertion USE made in response to Energy Vault's Interrogatory No. 3 that any Transaction Transformer met the contract specifications, industry standard, and was fit for its intended purpose.

**REQUEST FOR PRODUCTION NO. 15.** All Documents and Communications related to other instances of customers claiming a transformer was defective or required repair from 2021 to present as described in Interrogatory No. 8.

**REQUEST FOR PRODUCTION NO. 16.** All contracts and work orders for work performed by subcontractors or non-USE personnel on the Transaction Transformers as described in response to Interrogatory No. 10.

**REQUEST FOR PRODUCTION NO. 17.** All Documents and Communications referenced and/or discussed within any of USE's responses to Energy Vault's interrogatories.

**REQUEST FOR PRODUCTION NO. 18.** All Documents and Communications supporting, refuting, or relating to any of USE's defenses to Energy Vault's claims.

**REQUEST FOR PRODUCTION NO. 19.** All Documents and Communications supporting, refuting, or relating to any of USE's claims against Energy Vault.