IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| ENERGY VAULT, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:23-cv-00047 |
| | § | |
| UNITED STANDARD ELECTRIC, LLC, | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF ENERGY VAULT, INC.'S MOTION TO ENFORCE ORDER GRANTING MOTION TO COMPEL (DKT. NO. 30)**

### INTRODUCTION

On August 21, 2024, the Court compelled United Standard Electric, LLC ("USE") to provide information in response to Energy Vault's discovery requests. (Dkt. No. 30). To date, USE has still failed to fully comply with the Court's order.

Since the Court signed its Order, Energy Vault has followed up multiple times with USE about these outstanding issues and asked USE to provide the missing information that the Court already compelled. In response to these efforts, USE said it would update its responses yet again on September 27, 2024. USE never did so.

Energy Vault is left with no choice but to file this motion to enforce the Court's order. In this Motion, Energy Vault seeks the following information that the Court previously compelled (and Energy Vault has sought for months), but USE has still failed to provide:

1. Whether USE contends that each of the 40 transformers at issue at functional and operational—and if so, the factual basis for this contention (Dkt. No. 30 at 3 (compelling Interrogatory No. 2)).

2. Whether USE contends that each of the 40 transformers at issue met the specifications and requirements set forth in the Purchase Order (Dkt. No. 30 at 3 (compelling Interrogatory No. 2)).

3. For other customer complaints USE has identified about their transformers, USE needs to provide the following information for each complaint it identified: (a) the substance of the customer's complain and how much money was at issue in the customer's complaint; (b) whether USE disputed the customer's complaint; (c) if USE disputed the complaint, the factual reason for why USE disputed the complaint; and (d) whether the issue was resolved, and if so, how. (Dkt. No. 30 at 3-8 (compelling Interrogatory No. 9)).

4. Identification by Bates labels of documents reference in Interrogatory Nos. 2, 3, and 7 (Dkt. No. 30 at 3-8).

## FACTUAL BACKGROUND

Energy Vault served its first set of interrogatories and requests for production on April 5, 2024. Just days before the response deadline, USE requested a one-week extension. Ex. A, Email from T. Mensing to M. Whitticar. Although Energy Vault agreed to this extension, USE nonetheless proceeded to serve initial responses that were deficient on their face.

After acknowledging several of these deficiencies during a meet-and-confer, USE's counsel agreed to supplement its interrogatory answers and document production by June 7, 2024. *See* Ex. B, Email from E. Goolsby to M. Whitticar (memorializing conversation during meet-and-confer). But USE's discovery responses remain deficient, and Energy Vault had to file a Motion to Compel. *See* Dkt. No. 26.

In response to Energy Vault's Motion to Compel, USE agreed to an order overruling its objections and compelling information as to Interrogatory Nos. 2-7, 10-11 and Request for Production Nos. 16-19. Dkt. No. 30 at 3. USE opposed providing information regarding Interrogatory Nos. 8-9 and Request for Production No. 15, but the Court ultimately overruled these objections. Dkt. No. 30 at 3-8.

On August 23, two days after the Court's Order Granting the Motion to Compel, USE served updated responses that included overruled objections and failed to provide all of the compelled information. Ex. C, 1st Supp ROG Responses. Energy Vault promptly sent a detailed letter, pointing out that (a) USE still raised objections that had been overruled in response to Interrogatory Nos. 2-11; (b) failed to provide narrative responses that properly addressed Interrogatory Nos. 2, 3, 4, 6, and 7; and (c) provided incomplete responses to Interrogatory Nos. 9 and 10. Ex. D, Aug. 2024 Deficiency Letter.

In response to this letter, USE claimed that it was unaware of the Court's order and was simply supplementing as a matter of course. Ex. E, Aug. 28, 2024 Email at 1. USE said it would provide the relevant information within the three weeks provided by the Court—which was September 11, 2024.

On September 10, 2024, USE supplemented its responses yet again, but these responses failed to address the issues outlined in the introduction of this Motion. *See* Ex. F, 2nd Supp ROG Responses. Energy Vault promptly notified USE of these issues via letter. Ex. G, Sept. 2024 Deficiency Letter. In response, USE said it would supplement by September 27, 2024 (Ex. H, Sept. 17 Email at 1), but it never did so.

Trial is scheduled for March 2025. Energy Vault served these requests in April 2024 and still do not have complete responses. The remaining discovery issues are discussed below.

**ARGUMENTS AND AUTHORITIES**

A. **USE failed to say whether it contends the 40 transformers at issue are functional and operational. (Interrogatory No. 2).**

Interrogatory No. 2 asks USE to identify the status of each of the 40 transformers at issue, and within this question, provide USE's position on whether the transformers are functional and operational:

> **INTERROGATORY NO. 2:**
>
> 2. Identify the status of each Transaction Transformer at the time of Your delivery to Energy Vault. For each Transaction Transformer, provide the logically and factually related information of (a) whether You contend the Transaction Transformer is functional and operational; (b) whether you contend that the Transaction Transformer met the specifications and requirements set forth in the Purchase Order; (c) the factual basis for your contention, and (d) identify by Bates label all documents in support of Your assertion.

Ex. F at 2-3.

In its response, USE says that two transformers—without identifying them by serial number or otherwise—were defective. Ex. F at 2-3. However, USE avoids making the affirmative statement that the remaining 38 transformers are functional and operational. USE needs to take a position one way or the other. *See* Ex. F at 2-3. In addition, if USE does contend the remainder are functional and operational, the Order requires USE to provide the factual basis of this contention and, if USE is relying upon documents for this contention, the Bates labels of such documents.

**B.      USE failed to say whether it contends the 40 transformers meet the requirements and specifications set forth in the Purchase Order. (Interrogatory No. 2).**

Interrogatory No. 2 also asks USE to say whether it contends all 40 transformers at issue meet the requirements and specifications set forth in the Purchase Order. Ex. F at 2-3. USE dodges this question by saying that "[a]ll of USE's engineers have complied with the IEEE standard, which is the standard that they are required to follow." Ex. F at 3.

If USE is saying that it did not comply with the requirements and specifications of the Purchase Order because USE contends it did not have to, USE should make this statement in response to the interrogatory. On the other hand, if USE claims it did not have to comply with the Purchase Order but its products did so anyway, USE is required to provide the factual basis of this contention and identify supporting documents by Bates label. *See* Ex. F at 2-3.

**C.      USE failed to provide all the relevant information regarding other customer complaints about USE's transformers, including whether USE disputes the complaint and whether the complaints were resolved. (Interrogatory No. 9).**

Interrogatory No. 9 asks USE to identify complaints it received from other customers and to provide logically and factually related information concerning each complaint:

<u>**INTERROGATORY NO. 9:**</u>

> 9. Identify any other instances where a customer has complained that purchased transformers from USE that were defective or needed repairs from 2021 to present. For each instance You identify, provide the logically and factually related information of (a) the name of the customer; (b) a description of what the customer complained about, including the amount of money at issue as well as which products were allegedly defective or needed repairs; (c) whether You disputed the complaint; (d) if You disputed the complaint, the factual reason for why You disputed the complaint; (e) whether a lawsuit was filed; and (f) whether the issue was resolved and, if so, how.

Ex. F at 8-9. USE's response identifies two categories of complaints: (a) two pending lawsuits; and (b) field service reports for other customers.

For the pending lawsuits, USE fails to identify (a) whether it disputes the customers' claims in these lawsuits—and if so, why; and (b) whether the complaints were ever resolved.

For the field service reports (which are not identified in the interrogatory response by Bates number), USE fails to disclose (a) what the substance of any customer complaint is; (b) how much is at issue; (c) whether USE disputed the complaint—and if so, why; and (d) whether the complaints were resolved. In other words, USE provides no affirmative statement that the work documented in the field services reports addressed or resolved the underlying complaint.

**D.     USE failed to identify by Bates label documents reference in Interrogatory Nos. 2, 7, and 9.**

Interrogatory Nos. 2, 7, and 9 asks for USE to identify supporting documents by Bates label. Ex. F at 2-3, 7-9. USE references "field service reports" without any Bates numbers. USE should update its response to include Bates labels for these documents.

## CONCLUSION

For the reasons above, Energy Vault respectfully asks the Court to grant this Motion and provide the relief outlined in the introduction.

| | |
|---|---|
| Date: October 8, 2024 | AHMAD, ZAVITSANOS & MENSING PLLC |
| | |
| | */s/ Edward B. Goolsby* |
| | Todd Mensing, attorney-in-charge |
| | Texas State Bar No. 24013156 |
| | Edward B. Goolsby |
| | Texas Bar No. 24092436 |
| | 1221 McKinney Street, Suite 2500 |
| | Houston, Texas 77010 |
| | Telephone: (713) 655-1101 |
| | Facsimile: (713) 655-0062 |
| | tmensing@azalaw.com |
| | egoolsby@azalaw.com |
| | |
| | ATTORNEYS FOR PLAINTIFF |
| | ENERGY VAULT, INC. |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 8, 2024, I served a copy of the foregoing document on all counsel of record via email.

      */s/ Edward B. Goolsby*
      Edward B. Goolsby

## CERTIFICATE OF CONFERENCE

      I hereby certify that on conferred with Defendant's counsel, Michael Whitticar, via email on May 21, 2024, and via telephone on May 24, 2024, regarding the deficient discovery responses. Mr. Whitticar confirmed that he would complete any supplements to these responses and to Defendant's document production by June 7, 2024. However, that day has come and gone, and Defendant has failed to address the deficiencies Plaintiff raised, so Plaintiff filed its Motion to Compel previously.

      I also certify that after the Court issued its Order Granting Plaintiff's Motion to Compel, I certify that I conferred with Defendant's counsel via letter and email on August 27 and September 13, 2024. Defendant said it would update its responses on or before September 27, 2024, but that day has come and gone and Defendant failed to address the outstanding issues.

      */s/ Edward B. Goolsby*
      Edward B. Goolsby